IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEDRO FELIX, et al., )
)
        Plaintiffs, )
) Case No. 15 C 2597
   v. )
)
)
ESTHER MUCHIRI, et. al, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On October 13, 2015, Plaintiffs Pedro Felix and Oak Tree Investors, LLC, a Florida limited liability company, filed a First Amended Complaint alleging breach of contract and foreclosure claims against pro se Defendants Esther Muchiri, E&S Blessed Investments, Inc.,[1] among others, based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Before the Court is Plaintiffs' motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a) and Northern District of Illinois Local Rule 56.1 against Defendants Esther Muchiri and E&S Blessed Investments, Inc. ("Defendants") as to Counts I through XXX of the First Amended Complaint. Plaintiffs do not move for summary judgment as to their fiduciary duty claim against Defendants alleged in Count XXXI nor the foreclosure claims against the inferior interests as alleged in Counts XXXII through XXXV. For the following reasons, the

---

[1] On numerous occasions, the Court instructed pro se Defendant Esther Muchiri that she could not represent Defendant E&S Blessed Investments. *See In re IFC Credit Corp.,* 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se."). At one point in this litigation, an attorney represented E&S Blessed Investments, but that attorney filed a motion to withdraw that the Court granted on August 13, 2015. Since then, E&S Blessed Investments has not retained an attorney, despite the Court's admonishments.

Court grants Plaintiffs' summary judgment motion.

## BACKGROUND

**I.    Northern District of Illinois Local Rule 56.1**

Because Defendants are proceeding pro se, Plaintiffs served them with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2.  The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1.

Local Rule 56.1 "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary."  *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted).  Local Rule 56.1(a) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law."  *Petty v. City of Chicago,* 754 F.3d 416, 420 (7th Cir. 2014).  "The non-moving party must file a response to the moving party's statement, and, in the case of any disagreement, cite 'specific references to the affidavits, parts of the record, and other supporting materials relied upon.'"  *Id.* (citation omitted); *see also* L.R. 56.1(b)(3)(A).  Local Rule 56.1(b)(3)(C) "requires specifically that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement ... of any additional facts that require the denial of summary judgment.'"  *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012) (citation omitted).

Although courts construe pro se pleadings liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), a plaintiff's pro se status does not excuse her from complying with the federal and local procedural rules. *See Collins v. Illinois,* 554 F.3d 693, 697 (7th Cir. 2009) ("even pro se litigants must follow procedural rules"). As the Supreme Court instructs, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Moreover, the Court requires strict compliance of Local Rule 56.1, especially because "[d]istrict courts are not obliged to scour the record looking for factual disputes." *Thornton v. M7 Aerospace, LP,* 796 F.3d 757, 769 (7th Cir. 2015).

Accordingly, because Defendants have failed to properly respond to Plaintiffs' Rule 56.1 Statement of Facts, the Court admits Plaintiffs' facts as true for purposes of the present summary judgment motion. *See Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion."); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (same). In addition, the Court notes that Defendants did not file a Rule 56.1(b)(3)(C) Statement of Additional Facts as set forth by the local rule. Instead, Defendants provided their version of the facts without citations to the record or supporting evidence.

## II. Relevant Facts

Plaintiff Pedro Felix ("Felix") is a citizen of the State of Florida and Plaintiff Oak Tree Investors, LLC ("Oak Tree") is a Florida limited liability company that Felix manages. (R. 37, Pls.' Rule 56.1 Stmt. Facts ¶¶ 1, 2.) Felix is the sole member and manager of Oak Tree and Oak

Tree's principal office is located in Florida. (*Id*. ¶ 2.) Defendant Esther Muchiri ("Muchiri") is a citizen of the State of Illinois and manages Defendant E&S Blessed Investments, LLC ("E&S"). (*Id*. ¶¶ 3, 4.) E&S is a Delaware limited liability company and the sole member of E&S is Muchiri. (*Id*. ¶ 4.) E&S's principal office is in Chicago, Illinois. (*Id*.)

Plaintiffs and Defendants were business partners for the purpose of buying, refurbishing, and selling distressed properties in the Chicago area. Without citing to any supporting evidence in the record, Defendants maintain that Plaintiffs were capital partners and used Felix's self-directed IRA funds to contribute to the partnership.[2] In particular, this lawsuit involves numerous loans that Plaintiffs made to Defendants Muchiri and E&S to purchase real property and to provide management services to maintain, repair, and sell the properties. (*Id*. ¶¶ 7, 10.) Specifically, in 2008, Defendants purchased four real properties in the Chicago area with capital contributed by Plaintiffs and began renting the properties to tenants when possible. (*Id*. ¶ 9.) These properties are located at 11640 S. Wallace, Chicago, Illinois (the "Wallace Property"), 669 Gordon Avenue, Calumet City, Illinois ("Gordon Property"), 1646 S. Hamlin, Chicago, Illinois ("Hamlin Property"), and 3944 W. Ontario Street, Chicago, Illinois ("Ontario Property"). (*Id*. ¶¶ 11, 16, 19, 22.) Further, the parties agreed that Plaintiffs would have a security interest in these four properties and a right to repayment. (*Id*. ¶ 8.)

---

[2] Defendants argue that Plaintiffs cannot bring this lawsuit against them because Plaintiff Felix used his own self-directed IRA funds to loan money to Defendants. Felix, however, may sue for losses that occurred when he loaned money through his self-directed IRA. *See, e.g., Metz v. Serfling*, No. 90 C 5302, 1992 WL 23491, at *2 (N.D. Ill. Feb. 6, 1992) (Rovner, J.).

As to the Wallace Property, Plaintiffs initially loaned Defendants $60,000.00 as evidenced by a promissory note dated April 21, 2008. (*Id.* ¶ 11.) In exchange for the $60,000.00, Defendants granted Plaintiffs a security interest in the Wallace Property and a right to repayment of the funds. (*Id.* ¶ 12.) In addition, Plaintiffs provided Defendants with additional funds to repair the Wallace Property, including $5,000.00, $10,907.00, $1,689.69, and $6,648.00. (*Id.* ¶¶ 10, 13, 15.) These contributions to the Wallace Property are secured by a mortgage and deeds of trust. (*Id.* ¶¶ 14, 15.)

In regard to the Gordon Property, in August 2008, Plaintiffs loaned Defendants $31,000.00 to acquire the real property located at 669 Gordon Avenue, Calumet City, Illinois, as evidenced by a promissory note. (*Id.* ¶ 16.) Also, security instruments in favor of Plaintiffs for the Gordon Property were executed, including (1) a May 18, 2009, deed of trust for $4,953.33, and (2) a March 3, 2010, deed of trust for $1,000.00. (*Id.* ¶ 17.) Moreover, Plaintiffs loaned Defendants additional funds for the Gordon Property, as evidenced by a promissory note in the amount of $4,500.00. (*Id.* ¶ 18.)

In October 2008, Plaintiffs loaned Defendants $80,000.00 to use in connection with the with the real property located at 1646 S. Hamlin, Chicago, Illinois as evidenced by a promissory note. (*Id.* ¶ 19.) Thereafter, Plaintiffs loaned Defendants additional funds in November 2008, December 2008, and January 2009 – supported by loan documents – to repair and manage the Hamlin Property. (*Id.* ¶ 20.) These loans amounts include, $4,500.00, $8,500.00, $8,000.00, $7,500.00, and $3,000.00. (*Id.*) From May 2009 through August 2012, Defendants entered into various deeds of trust granting Plaintiffs security interests in the Hamlin Property. (*Id.* ¶ 21.) The exact amounts that Plaintiffs loaned to Defendants are detailed in the second chart below in

the analysis section.

As to the Ontario Property, in December 2008, Plaintiffs loaned Defendants $32,000.00 to acquire the real property located at 3944 W. Ontario Street, Chicago, Illinois, as evidenced by a promissory note. (*Id*. ¶ 22.) During the time period from January 2009 until November 2010, Plaintiffs loaned Defendants additional funds to repair and manage the Ontario Property in the amount of $55,000.00. (*Id*. ¶ 23.) Also, two deeds of trust were executed in Plaintiffs favor, (1) a March 12, 2010, deed of trust for $2,133.00 and (2) a November 23, 2010 deed of trust for $17,084.65. (*Id*. ¶ 24.)

It is undisputed that Defendants are in default of the various promissory notes, mortgages, and deeds of trust because of Defendants' failure to (1) pay principal and interest when due, (2) pay past due real estate taxes, and (3) keep the subject properties properly insured. (*Id.* ¶ 25.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

6

323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**ANALYSIS**

**I.  Breach of Contract Claims**

The parties do not dispute that Illinois law governs the present contract and mortgage dispute. *See Auto–Owners Ins. Co., v. Webslov Computing, Inc.,* 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies."). In Counts I through XIII, Plaintiffs move for summary judgment regarding their breach of contract claims based on Plaintiffs' breach of the promissory notes.[3] "Under Illinois law, a breach of contract claim has four elements: '(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff.'" *Hess v. Bresney,* 784 F.3d 1154, 1158-59 (7th Cir. 2015) (citation omitted).

In response to the present summary judgment motion, Defendants do not meaningfully address Plaintiffs' breach of contract claims. Defendants, for example, do not argue that the language of the promissory notes is ambiguous or that they did not breach the promissory notes in the first instance. Instead, Defendants maintain that they were involved in a "joint venture

---

[3]  It appears that Counts XI and XIII relate to the same January 9, 2009 promissory note signed by Esther Muchiri on January 12, 2009 relating to the Hamlin Property. (*Compare* Ex. K with Ex. M.) Also, it seems that Counts III and XVI relate to the same debt of $10,907.00 as evidenced by both a November 18, 2011 promissory note and a November 18, 2011 deed of trust regarding the Wallace Property. (*Compare* Ex. C with Ex. P.) Plaintiffs must clarify and/or substantiate these transactions in their accompanying affidavit to their final proposed judgment of foreclosure.

partnership" with Plaintiffs and that the dissolution and winding up of the partnership somehow absolves them from their obligations under the promissory notes. Assuming the parties were in a formal partnership, the relevant section of the Illinois' Uniform Partnership Act states in part:

> In winding up a partnership's business, the assets of the partnership, including the contributions of the partners required by this Section, must be applied to discharge its obligations to creditors, including, to the extent permitted by law, partners who are creditors.

805 ILCS 206/807(a). Here, Plaintiffs are Defendants' creditors because Plaintiffs loaned money to Defendants via the promissory notes that are presently in default. In short, the dissolution of the partnership is not a defense to Plaintiffs' breach of contract and mortgage foreclosure claims.

The undisputed amounts due regarding the defaulted promissory notes are reflected in the chart below:

| **Count** | **Exhibit** | **Promissory Note Date** | **Principal Amount** | **Amount Due** |
|---|---|---|---|---|
| Count I | Exhibit A | 4/21/08 | $60,000.00 | $55,000.00 |
| Count II | Exhibit B | 6/12/08 | $5,000.00 | $5,000.00[4] |
| Count IV | Exhibit D | 8/13/08 | $31,500.00 | $31,500.00 |
| Count V | Exhibit E | 11/03/08 | $4,500.00 | $4,500.00 |
| Count VI | Exhibit F | 10/10/08 | $80,000.00 | $80,000.00 |
| Count VII | Exhibit G | 11/11/08 | $4,500.00 | $4,500.00 |
| Count VIII | Exhibit H | 12/05/08 | $8,500.00 | $8,500.00 |
| Count IX | Exhibit I | 12/13/08 | $8,000.00 | $8,000.00 |
| Count X | Exhibit J | 12/22/08 | $7,500.00 | $7,500.00 |

---

[4] These amounts are encompassed by the May 2, 2008 mortgage. (*See* Ex. N.)

| Count | Exhibit | | | |
|---|---|---|---|---|
| Count XI | Exhibit K | 1/09/09 | $3,000.00 | $3,000.00 |
| Count XII | Exhibit L | 12/08/08 | $32,000.00 | $32,000.00 |

## II. Foreclosure Claims

Plaintiffs also move for summary judgment in relation to their foreclosure claims in Counts XIV-XXX under the Illinois Mortgage Foreclosure Law ("IMFL"), 735 ILCS 5/15-1501, *et seq.* Again, Defendants fail to meaningfully challenge that they are in default of the mortgages and deeds of trust at issue. The undisputed principal amounts regarding the mortgages and/or deeds of trust are:

| Count | Exhibit | Mortgage/ Deed of Trust Date | Principal Amount |
|---|---|---|---|
| Count XIV | Ex. N | 5/02/08 | $72,317.00 |
| Count XV | Ex. O | 5/18/09 | $1,689.69 |
| Count XVI | Ex. P | 11/18/11 | $10,907.00 |
| Count XVII | Ex. Q | 6/11/12 | $6,648.00 |
| Count XVIII | Ex. R | 5/18/09 | $4,953.44 |
| Count XIX | Ex. S | 5/04/10 | $1,000.00 |
| Count XX | Ex. T | 5/18/09 | $20,565.06 |
| Count XXI | Ex. U | 5/19/10 | $550.00 |
| Count XXII | Ex. V | 8/13/10 | $10,000.00 |
| Count XXIII | Ex. W | 1/21/11 | $5,062.00 |
| Count XXIV | Ex. X | 5/26/11 | $8,500.00 |
| Count XXV | Ex. Y | 6/14/11 | $15,062.00 |
| Count XXVI | Ex. Z | 10/12/21 | $10,837.55 |
| Count XXVII | Ex. AA | 3/06/12 | $6,610.36 |
| Count XXVIII | Ex. BB | 8/17/12 | $5,000.00 |

| Count XXIX | Ex. CC | 3/12/10 | $2,122.00 |
| Count XXX | Ex. DD | 11/23/12 | $17,084.65 |

As to the interest due on the mortgages and deeds of trust, Plaintiffs' affidavit does not provide sufficient detail on how the interest amounts were calculated, such as providing the interest rates, the start date of the interest rate calculations, and how the interest due was calculated. Plaintiffs must submit a revised judgment of foreclosure order to the Court by November 30, 2015, accompanied by an accurate, updated affidavit supporting the judgment amounts, including interest. On the other hand, Plaintiffs' attorney's fees and costs affidavit and exhibit are sufficiently detailed.

## CONCLUSION

For these reasons, the Court grants Plaintiffs' summary judgment motion in concerning Counts I-XXX of the First Amended Complaint.

**Dated:** November 19, 2015

                                                  **ENTERED**

                                                  **AMY J. ST. EVE**
                                                  **United States District Court Judge**